## CONSTITUTIONAL LAW.

### THE STATE *vs.* JOHN LOPER.

### *Habeas Corpus.*

A fugitive from justice, from another State, may be arrested here, and, on sufficient evidence of guilt, be detained in custody for a reasonable time, in order to give the foreign Executive an opportunity to make a regular demand for his delivery, under the Constitution of the United States.

The prisoner, John Loper, having been arrested, on the 16th inst. under a warrant, issued by Isaac Russel, Esq. a Justice of the Peace in and for the County of Chatham, charged, on the oath of one Daniel Goldsmith, with having committed, on the 10th day of January last, a larceny of his goods, to the value of seventeen hundred dollars, in the town of Micconopy, Territory of East Florida, and with being a fugitive from the laws and justice of said Territory. The said Justice, after having taken the deposition and examination, in writing, of sundry persons, in reference to the said charge, and a portion of the stolen property having been found upon the person of the prisoner, *concealed in the lining of his coat;* he committed the said prisoner to the common jail for the City of Savannah, there to remain for the space of sixty days, to afford the prosecutor a reasonable time, to apply to the constituted authorities of the Territory of Florida, to demand him from the Executive authority of Georgia, as a fugitive from justice, in pursuance of the Constitution and Laws of Congress, in such case made and provided.

A writ of Habeas Corpus having issued at the instance of said prisoner, alleging his said arrest and confinement, under said warrant and commitment, and under the facts above stated to be alleged, and he having been brought before me, on the return thereof; his counsel moved for his discharge, upon the three following grounds:—

First: Because the facts, stated on the face of the depositions, are not, of themselves, sufficient to have authorized the arresting and committing Magistrate, to arrest and commit the prisoner, for the

[State *vs.* Loper.]

offence of larceny, even if that larceny had been charged to have been committed in the County of Chatham and State of Georgia, instead of, as is alleged, in the Territory of East Florida.

Second : That if this Court should be of a different opinion ; still, that the arresting and committing Magistrate had no power or authority, either under the Constitution and Laws of the United States, or under the Common Law of this land, to arrest and commit the prisoner to the common jail, for a violation of the Laws of said Territory, and as a fugitive from the justice thereof, for the purpose of affording a reasonable time to the prosecutor, to make application to the constituted authority of the Territory of Florida, to demand, of the Executive authority of Georgia, his delivery, in pursuance of the Constitution of the United States and the Laws of Congress, or the Common Law of the land.

Third : That the Act of Congress, passed the 12th February, 1793, to carry into effect the 2d Section of the 4th Article of the Constitution of the United States, as to fugitives from justice, so far as it extends its provision to the *Territories of the United States, is unconstitutional*—a Territory not being a State, in the sense in which that term is used in the Constitution.—2 *Wheat.* 94 ; *R. M. Charlton R.* 375.

I have given the above grounds, assumed by the prisoner's counsel for his discharge, my best reflection ; and without intending to be understood, as expressing any opinion in reference to the third ground above stated—there being, in the present case, according to my judgment, no necessity for the expression of any opinion, on the question therein raised—I must refuse his discharge, for the present. Whether the Territory of Florida be, or be not, in legal contemplation, a State, within the spirit and meaning of that term, as used in the 2d Section of the 4th Article of the Constitution of the United States ; or whether she is held to be and considered as a foreign State, or Territory, in reference to the States of this Union ; still, I am of opinion, that the arrest and detention of the prisoner, under the commitment, and under the facts, as set forth in the depositions, as a fugitive from justice, can be clearly justified and held legal, under the Law of nations, and the Common Law of this land. I desire to be under-

[State *vs.* Loper.]

stood, however, as confining this decision and opinion, to the case now before the Court, and to cases similarly situated. The reasons for this decision will be found, by reference to the following authorities:—Act of 25th February, 1784, *Prince D.* 570 ; 4 *Burr,* 2016 ; 3 *Burr,* 1481 ; 1 *Kent Com.* 35, 36 ; King *vs.* Hutchinson, 3 *Keb. R.* 785 ; Col. Lunday's case, 2 *Vent R.* 314 ; King *vs.* Kimberly, *Strange* 848 ; Mure *vs.* Kaye, 4 *Taunt. R.* 43 ; King *vs.* Bull, *& al*—1 *American Jurist,* 297 ; 1 *Chitty C. L.* 12 ; Washburn's case, 4 *John. Chan. R.* 106 ; State *vs.* Anderson, 1 *Hill's S. C. R.* 327.

It is, therefore, ordered, that the motion of the prisoner to be discharged from his present confinement and arrest, as a fugitive from justice, be, and the same is hereby refused.

Solicitor General, and Charlton & Ward, for State.
L. S. DeLyon, Esq. for Prisoner.